**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CINDY DESIR, *on behalf of herself,*　　　　　　　　　Case No.
*FLSA Collective Plaintiffs and the Class*

　　　　　　　　　　　　Plaintiff,

　　　　-v.-　　　　　　　　　　　　　　　**FLSA CLASS AND COLLECTIVE**
　　　　　　　　　　　　　　　　　　　　　　**ACTION COMPLAINT**　　　　

　　　　　　　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

NYU LANGONE HEALTH SYSTEM,
and NICOLE REISS,

　　　　　　　　　　　　Defendants.
-------------------------------------------------------------------X

　　　　Plaintiff, CINDY DESIR, individually and on behalf of others similarly situated, (hereinafter, "Plaintiff"), by and through her undersigned attorney, Arthur H. Forman, hereby files this FLSA Class and Collective Complaint against defendants, NYU LANGONE HEALTH SYSTEM ("NYU"), and NICOLE REISS ("Reiss" and collectively with NYU, the "Defendants"), states as follows:

## NATURE OF THE ACTION

　　　　1.　　Plaintiff brings this action against NYU, which operates not for profit hospitals in the greater metropolitan New York City area, including at 550 1st Avenue, New York, NY 10016 (the, "Hospital"), where Plaintiff Desir worked as a Pharmacy Tech Intern under the direction of Defendant Nicole Reiss, who was the Pharmacy Operations Manager. Plaintiff seeks redress for herself and other individuals who were employed as Pharmacy Tech Interns without being paid for the work they provided.

　　　　2.　　Plaintiff alleges that pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), she is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

3. Plaintiff further alleges that pursuant to New York Labor Law, she is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day she worked a shift in excess of ten (10) hours, (d) liquidated damages, (e) civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

4. Plaintiff seeks certification of this action as a collective action on behalf of herself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b). A Consent to Become a Party Plaintiff is annexed hereto as Exhibit "A".

5. Plaintiff further seeks, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, to represent a class of similarly situated individuals, who work or have worked for Defendants as Pharmacy Tech Interns.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367 (a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all or a substantial portion of the events or omissions giving rise to the claims occurred in this district. Defendant, NYU maintains its main office within this district, and the Defendants operated their business in this district. Further, Plaintiff was employed by the Defendants in this district.

## THE PARTIES
*Plaintiff*

8. Plaintiff, Cindy Desir, is an adult individual who, at all times relevant, resided in Queens County, New York. Desir was employed by the Defendants from on or about July 7, 2016 until on or about September 21, 2018.

9. Plaintiff regularly handled goods in interstate commerce, such as pre-printed forms, drugs and other medical supplies produced outside the State of New York.

10. Plaintiff's work duties required neither discretion nor independent judgment.

*Defendants*

11. At all relevant times herein, NYU was and still is a not-for-profit corporation duly organized under and existing by virtue of the laws of the State of New York, having its principal place of business located at 550 First Avenue, New York, New York 10016.

12. At all relevant times herein, Individual Defendant, Nicole Reiss, was employed by NYU, working at the Hospital as a manager in the Pharmacy Department (the, "Pharmacy").

13. In each year from 2016 to 2018, the Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

14. In addition, the Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, drugs and medical supplies provided to patients on a daily basis were goods produced outside of the State of New York.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

15. Defendant NYU operates the Hospital in the City and State of New York.

16. The individual defendant, Reiss, at all times relevant, was an officer, director or manager of NYU, and as such was individually responsible for Plaintiff's (and all similarly situated employees') unpaid wages under the FLSA and the New York labor laws.

17. Reiss possesses, or at all times relevant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions in the Pharmacy, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals referred to herein.

18. At all times relevant, Reiss established schedules of employees in the Pharmacy, including Plaintiff, maintained employees' records, had the authority to hire and fire employees, and was responsible for supervising Plaintiff and all similarly situated individuals referred to herein.

19. Defendants jointly employed Plaintiff (and all similarly situated employees) and were Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

*Plaintiff*

20. Plaintiff is a former employee of the Defendants who worked part-time as an Admitting Rep from on or about and approximately July 2016 until on or about June 25, 2018.

21. Plaintiff typically worked as an Admitting Rep two days per week, Saturday and Sunday, from midnight to 8:00am with one hour for lunch, for which she was paid for fourteen hours work at the rate of $25.50 per hour.

22. In addition to working as an Admitting Rep, Plaintiff also worked full-time as a Pharmacy Tech Intern for the Hospital from on or about January 22, 2018 until on or about May 22, 2018. Plaintiff typically worked as a Pharmacy Tech Intern five days per week, from Monday through Friday, usually for 40 hours with one-half hour for lunch each day she worked. However, Defendants failed to pay Plaintiff for the 37 ½ hours per week she spent working in the Pharmacy Tech Training Program.

23. In order to make enough money to support herself while working as an unpaid Pharmacy Tech Intern, plaintiff worked additional hours as an Admitting Rep, approximately two additional eight-hour shifts per week. But plaintiff would work more shifts when available.

24. From on or about May 23, 2018 until on or about June 25, 2018, Plaintiff worked for Defendants as an Admitting Rep, usually for fourteen hours per week, for which she was paid at the rate of $25.50 per hour.

25. From on or about June 26, 2018 until on or about September 21, 2018, Plaintiff's last day of work, Plaintiff worked for Defendants as a Pharmacy Tech II, only. Plaintiff was paid at the night differential rate of $31.78 per hour. But plaintiff did not work more than forty hours during this period of time.

26. Furthermore, Defendants provided Plaintiff with a statement of wages with each payment of wage, but the statements did not conform to the requirements of NYLL 195(3).

27. Defendants did not give notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information each time her rate of pay changed, as required by NYLL §195(1).

*Defendants' General Employment Practices*

28. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work as Pharmacy Tech interns without paying them minimum wages and overtime as required by federal and state laws.

29. As part of their regular business practice, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

30. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

31. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former Pharmacy Tech interns.

32. Defendants failed to provide Plaintiff and other similarly situated employees with wage statements at the time of their payment of wages, containing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

33. Defendants failed to provide Plaintiff and other employees, at the time of hiring and each time their rate of pay changed, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTON CLAIMS

34. Plaintiff brings her FLSA minimum wage, overtime and liquidated damages claim as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all similarly situated persons who are or were employed by the Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as Pharmacy Tech interns of Defendants (the "FLSA Class").

35. At all relevant times, Plaintiff and other member of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

36. At all relevant times, Plaintiff, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wages and overtime for all hours they worked.

37. The claims of Plaintiff stated herein are similar to those of the other members of the FLSA Class.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

38.     Plaintiff brings the New York state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all persons employed by Defendants as Pharmacy Tech interns on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

39.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay, if any, for each Class member are also determinable from Defendant' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said FRCP 23.

40.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least forty (40) members of the Class.

41.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment litigation and have previously represented plaintiffs in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

44. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

45. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

- a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

- b) What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

- c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

- d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for Pharmacy Tech interns.

- e) Whether Defendants paid Plaintiff and the Class members their regular rate of pay for all hours worked.

- g) Whether Defendants failed and/or refused to pay Plaintiff and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

- h) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendants did not pay the Class members at all.

- i) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work.

- j) What are the common conditions of employment in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

- k) Whether Defendants compensated the Class in a timely manner.

- l) Whether Defendants compensated the Class for New York State's "spread of hours" premium for workdays in which Plaintiff and the class members worked in excess of 10 hours.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff Desir on Behalf of Herself
and the FLSA Class)**

46. Plaintiff, on behalf of herself and other FLSA Class, realleges and incorporates by reference all previous paragraphs.

47. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Class as "employee[s]" within the meaning of the FLSA.

48. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour she worked.

49. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Class the federal minimum wage for each hour worked.

50. Plaintiff, on behalf of herself and the FLSA Class, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Herself
and the FLSA Class)**

51. Plaintiff, on behalf of herself and other FLSA Class, realleges and incorporates by reference all previous paragraphs.

52. Throughout the statute of limitations period covered by these claims, Plaintiff and the other members of the FLSA Class regularly worked in excess of forty (40) hours per workweek and continue to do so.

53. At all relevant times, Defendants have had, and continue to operate under, a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Class members at time and a half rates for work in excess of forty (40) hours per workweek.

54. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

55. Plaintiff, on behalf of herself and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Minimum Wage Violations, N.Y. Stat. § 650** *et seq.***,**
**Brought by Plaintiff on Behalf of**
**Herself and the Class)**

56. Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

57. Defendants knowingly and willfully failed to pay Plaintiff and the Class the New York minimum wage for all hours worked.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of earnings, in an amount

to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations, N.Y. Stat. § 650 *et seq.*,  
Brought by Plaintiff on Behalf of  
Herself and the Class)**

59. Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

60. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

61. Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

62. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions,  
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7  
Brought by Plaintiff on Behalf of  
Herself and the Class)**

63. Plaintiff, on behalf of herself and the Class, realleges and incorporates by reference all previous paragraphs.

64. Defendants failed to pay Plaintiff and the Class one additional hour's pay at the basic minimum wage rate before allowances for each day their spread of hours exceeded ten hours in violation of New York Labor Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of

the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a).

65. Defendants' failure to pay Plaintiff and the Class an additional hour's pay for each day their spread of hours exceeded ten hours was willful within the meaning of New York Labor Law § 663.

66. Plaintiff and the Class were damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Violation of the Notice and Recordkeeping Requirements of the New York Labor Law, N.Y. Lab. L. § 195(1) Brought by Plaintiff on Behalf of Herself and the Class)

67. Plaintiff, on behalf of herself and the Class, repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants failed to provide Plaintiff and the Class with a written notice, in English containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

69. As a result of the foregoing violations Defendants are liable to Plaintiff and eqch member of the Class in the amount of $5,000.00, together with costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Violation of the Wage Statement Provisions of the New York Labor Law, N.Y. Lab. L. § 195(3) Brought by Plaintiff on Behalf of Herself and the Class)

70. Plaintiff, on behalf of herself and the Class, repeats and realleges all paragraphs above as though fully set forth herein.

71. With each payment of wages, the Defendants failed to provide Plaintiff and the Class with a statement accurately listing each of the following: phone number of employer; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

52. As a result of the foregoing violations, Defendants are liable to Plaintiff and each member of the Class in the amount of $5,000.00, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other members of the FLSA collective and New York class employees, prays for relief as follows:

   A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

   B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

   C. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

   D. Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

   E. Designation of the Plaintiff as a representative of the New York Class;

   F. An award of damages, according to proof, including liquidated damages for the failure of the Defendants to pay minimum wages and overtime due under the FLSA;

   G. An award of damages, according to proof, including liquidated damages for the failure of the Defendants to pay minimum wages, overtime compensation,

and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

H. An award of civil penalties pursuant to the New York Wage Theft Prevention Act;

I. Costs of action incurred herein, including expert fees;

J. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

K. Pre-Judgment and post-judgment interest, as provided by law; and

L. A declaration providing that if any amounts awarded pursuant to the New York Labor Law remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: August 30, 2019
Forest Hills, New York

_____/S/_____
ARTHUR H. FORMAN
90-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Plaintiff*