```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
CINDY DESIR, on behalf of herself, FLSA :
Collective Plaintiffs and the Class,          :     Index No. 1:19-cv-08144-AT
                                              :
                  Plaintiff,                  :
                                              :     **CIVIL CASE MANAGEMENT PLAN**
         -against-                            :     **AND SCHEDULING ORDER**
                                              :
NYU LANGONE HEALTH SYSTEM, and                :
NICOLE REISS,                                 :
                                              :
                  Defendants.                 :
                                              :
------------------------------------------------------- X

ANALISA TORRES, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.      All parties **do not consent** to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.      This case **is** to be tried to a jury. [Circle one.]

3.      Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30 days** from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4.      Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than **14 days** from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5.      All fact discovery shall be completed no later than **Wednesday, July 1, 2020**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances. The Court will not stay discovery pending its decision on any motion.]

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

61789685v.2

    a.    Initial requests for production of documents to be served by: **April 1, 2020.**
    b.    Interrogatories to be served by **April 1, 2020.**
    c.    Depositions to be completed by **July 1, 2020.**
    d.    Requests to Admit to be served no later than **June 1, 2020.**

7.    a.    All expert discovery shall be completed no later than **Monday, August 17, 2020.** [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

    b.    No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert re-port(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

**The parties have complied with the Court's Mediation Referral Order entered on October 15, 2019 (Dkt. 17) and exchanged a pre-mediation document production.**

    b.    Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **The parties are currently participating in the District's Mediation Program, pursuant to the Court's Mediation Referral Order entered on October 15, 2019 (Dkt. 17).**

    c.    Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery). **The parties are currently participating in the District's Mediation Program, pursuant to the Court's Mediation Referral Order entered on October 15, 2019 (Dkt. 17).**

    d.    The use of any alternative dispute resolution mechanism does not stay or modify

any date in this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pre-trial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: <u>3 days.</u>

13.     [Other items, including those in Rule 26(f)(3).]

    Plaintiff shall move for permission to send collective action notice to potential opt-in plaintiffs within 30 days from the date of this Order, and if the motion is granted by the court or on consent, Plaintiff shall move for class action certification within 30 days of the close of fact discovery.

---------------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.     [Other]

15.     The next Case Management Conference is scheduled for at  .    **July 20, 2020, at 11:00 a.m.**

16.     The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as

noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be ex-tended.

SO ORDERED.

Dated: March 3, 2020

New York, New York

ANALISA TORRES
United States District Judge