**Seyfarth**

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
T (212) 218-5500
F (212) 218-5526

rwhitman@seyfarth.com
T (212) 218-5629

www.seyfarth.com

October 14, 2020

**VIA ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:  *Desir v. NYU Langone Health System, et al*
> Case No. 19-cv-08144-JPC-SLC**

Dear Judge Cronan:

This firm represents Defendants NYU Langone Hospitals ("NYU") and Nicole Reiss (collectively "Defendants") in the above-reference matter. We write jointly with Arthur H. Forman, attorney for Plaintiff Cindy Desir ("Plaintiff"), to submit this Status Letter jointly with Plaintiff's counsel pursuant to the Court's Order dated October 2, 2020 following the reassignment of the matter to this Court. (Dkt. 49)

1. **Counsel Information**

   As reflected on the docket.

2. **A brief statement of the nature of the case and/or the principal defenses thereto**

Plaintiff's Statement of the Case:

Plaintiff was working for NYU as an admitting room clerk for several years when, on January 22, 2018, she began an internship with NYU to learn to work as a Pharmacy Tech.  The internship was a 600-hour program.  It ran for 16 weeks, 37 ½ hours per week, with one-half hour daily for lunch.  The program literature described it as an educational internship.  However, the program only provided one or two hours of classroom instruction per week.  Often the instructor would cancel class and it would not be rescheduled.  For practically all of the 600 hours of the internship, Plaintiff actually worked in the NYU pharmacy, performing the same duties as the paid Pharmacy Techs.

A few weeks after the program started, Plaintiff complained to Defendant Nicole Reiss, who was the HR person in charge of the program, that Plaintiff was constantly



working unsupervised and had actually been left alone in the pharmacy. Although Ms. Reiss issued a memo instructing the pharmacy employees not to leave the interns alone or unsupervised, nothing changed. Plaintiff continued performing the same work as the paid employees she was supposed to shadow. In fact, Plaintiff complained to Ms. Reiss that the interns were being exploited by NYU. Among other duties, they were processing prescriptions, answering the phones and delivering medications to the wards, the same as the paid staff.

A major stated aim of the internship was to prepare the interns to take the NY State exam for certification as a Pharmacy Tech II. However, there was no requirement that a person have prior work experience as a Pharmacy Tech or complete an internship before taking the exam. About three weeks before the end of the internship, Plaintiff passed the State exam. She provided Ms. Reiss with a copy of her license on May 4, 2018. She also advised Ms. Reiss that the pharmacy in the NYU cancer center had offered Plaintiff a position as a paid Pharmacy Tech. Ms. Reiss responded that NYU would not permit Plaintiff to work as a Pharmacy Tech unless she completed all 600 hours of the internship.

Plaintiff successfully completed the internship on May 22, 2018. While her application to be hired as a paid Pharmacy Tech for NYU was pending, Plaintiff continued working as an admitting room clerk. On June 25, 2018, plaintiff began working full time at NYU as a paid Pharmacy Tech II.

Plaintiff seeks minimum wages for the 600 unpaid hours she worked as a Pharmacy Tech intern. She further seeks overtime for those hours she worked as an admitting room clerk which, when added to the 37 ½ hours Plaintiff worked as an intern, exceed 40 in any one week. Although the internship program material states that an intern cannot work more than 12 hours per week in a paid NYU position, Plaintiff worked approximately 30 hours per week while attending the internship. She needed the extra income because the internship was unpaid.

In *Vaughn v. Phoenix House Foundation, Inc.*, No. 14-CV-3918 (RA), 2019 WL 568012 at *1 (S.D.N.Y. 2/12/19), on remand from the Second Circuit, 722 Fed. Appx. 4 (2d Cir. 2018), *aff'd*, 957 F.3d 141 (2d Cir. 2020), District Judge Ronnie Abrams provides a comprehensive application of the rules governing, "under what circumstances an unpaid intern must be deemed an 'employee' under the FLSA and therefore compensated for his work." *Vaughn*, 722 Fed. Appx. At 6 (quoting *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F. 3d t28, 5633 (2d Cir. 2016). *Vaughn* stressed, "the proper question is whether the intern or the employer is the primary beneficiary of the relationship." *Id*.

Plaintiff contends that the internship benefitted NYU by exploiting the interns. The pharmacy was understaffed and its paid employees were overworked. After Plaintiff complained to Ms. Reiss that the pharmacy employees expected the interns to do their work for them, Plaintiff was treated coldly by many of the paid pharmacy employees. In order to avoid further friction with the paid employees who were supervising her performance, Plaintiff continued working in the pharmacy as if it was a full-time job.



Even after Plaintiff passed the State exam, and the cancer center offered Plaintiff a position as a pharmacy tech, Ms. Reiss would not permit Plaintiff to start working there as a paid employee for the reason that Plaintiff had not yet completed all 600 hours of the internship.

Defendants' Statement of the Case:

Plaintiff filed this lawsuit on September 3, 2019 as a putative collective action under the Fair Labor Standards Act ("FLSA") and putative class action under the New York Labor Law ("NYLL"). In the Complaint, she refers to herself as an unpaid "intern" for NYU and purports to sue on behalf of other persons in NYU's Pharmacy Technician Training Program (the "Program").

The alleged "internship work" that Plaintiff performed while in the Program was actually classroom and experiential training that NYU provided to enable her and others to become certified Pharmacy Technicians. Throughout her participation in the Program, Plaintiff was a student, not an employee or even an "intern," and she has no legitimate claim for wages or any other compensation. Her experience in the Program was entirely pedagogical: she sat for classroom instruction, took quizzes and exams, shadowed working Pharmacy Technicians to observe, and learned and practiced bottling and compounding techniques.

Even assuming Plaintiff's participation in the Program could be characterized as an "internship," she was not entitled to compensation under the FLSA or NYLL. In *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 536 (2d Cir. 2016), the Second Circuit held that, in the context of internships and similar forms of "on the job training," the "proper question is whether the intern or the employer is the primary beneficiary of the relationship." *Id.* at 538. An analysis of some of the most relevant factors leaves no question that it was Plaintiff, not NYU, who primarily benefitted from her enrollment in the Program:

- Plaintiff's Enrollment Agreement states that "all student activities associated with the curriculum, especially while students are completing his or her experiential portion, will be educational in nature."

- Plaintiff had no reasonable expectation of compensation for her enrollment in the Program. Both the Enrollment Agreement and the Program description state that "students will not be receiving any monetary remuneration during this educational experience." The Program's website also provides that "all student activities associated with the curriculum, especially while students are completing his or her experiential portion, will be educational in nature."

- The Program's website further states, under the heading "Employment," that the goal of the Program is to prepare the student for employment at either NYU or elsewhere. The fact that she was eventually hired by NYU does not mean that her hiring was automatic or pre-ordained.



In light of the above analysis, there is no plausible basis on which Plaintiff can demonstrate that she was an employee of NYU while enrolled in the Program.

### 3. Statement of Jurisdiction and Venue

This court has subject matter jurisdiction per the FLSA and 28 U.S.C. 1331. Venue is appropriate in this district because the alleged acts/omissions occurred in Manhattan, which is in the Southern District of New York.

### 4. Statement of Existing Deadlines and Due Dates

The operative Civil Case Management Plan and Scheduling Order was entered by Judge Torres on March 3, 2020. (Dkt 30).

On March 16, 2020, Magistrate Judge Cave issued an Order extending all deposition and discovery deadlines for 30 days due to the COVID-19 pandemic. (Dkt. 35). Discovery thereafter closed on July 31, 2020. There are no other pending deadlines.

### 5. Previously Scheduled Conference Dates

The parties were initially scheduled to appear for the latest last Case Management Conference on August 19, 2020. By Order dated July 29, 2020, Judge Torres granted the parties' joint request and adjourned the conference *sine die* given the pending Motion for Conditional Certification.

### 6. Outstanding Motions

Plaintiff filed a Motion for Conditional Certification on March 16, 2020. (Dkt. 32-34) Defendants filed their opposition papers on April 30, 2020 (Dkt. 42-43) and Plaintiff filed her reply on May 14, 2020 (Dkt. 44). The Motion is now fully briefed and pending before Judge Cave. There are no other outstanding motions.

Defendants anticipate filing a motion for summary judgment, and intend to file a pre-motion conference letter request in accordance with this Court's Individual Rules of Practice if the pending Motion is denied. Plaintiff also anticipates moving for summary judgment.

### 7. Statement and description of any pending appeals

Not applicable.

### 8. Statement of Discovery Taken To Date

The parties complied with the Court's Mediation Referral Order entered on October 15, 2019 (Dkt. 17) and exchanged a pre-mediation document production. Defendants produced Documents Bates Labeled NYU000001-NY000249. Plaintiff produced nine pages of discovery Bates Labeled P100-109.



Following an unsuccessful mediation, Plaintiff served Initial Disclosures on March 6, 2020, and Defendants served Initial Disclosures on March 17, 2020.

Defendants served Requests for Interrogatories and Production of Documents on April 1, 2020, and Plaintiff served her responses on May 15, 2020.

Defendants took Plaintiff's remote deposition on June 22, 2020. Plaintiff took Defendant Nicole Reiss's remote deposition on July 13, 2020. No other depositions were taken.

Given the pendency of the Motion for Conditional Certification, and the potential impact that the Court's decision may have on the trajectory of this case, including possible additional discovery if the motion is granted, additional time would be required for the issuance of a collective action notice to potential opt-in plaintiffs, an opt-in period, and additional discovery related to the opt-ins.

### 9. Prior Settlement Discussions

The action was referred to mediation on October 15, 2019 (Dkt. 17) and the parties participated in a court-ordered mediation for several hours on February 11, 2020. The discussions continued with the assistance of the mediator for several weeks following the mediation, but the discussions did not result in a settlement. (Dkt. 41).

### 10. Alternative Dispute Resolution

The parties do not currently believe the case should be referred for settlement discussions in light of the unsuccessful prior mediation, as well as the pendency of Plaintiff's Motion for Conditional Certification.

### 11. Estimated Length of Trial

2-5 days depending on whether the motion for conditional certification is granted, and if it is granted, how many opt-in plaintiffs join the action.

### 12. Other Information Regarding Dispositive or Novel issue

Plaintiff's Position

As stated by the Second Circuit in *Vaughn v. Phoenix House Foundation, Inc.*, 957 F.3d 141, 145-146 (2d Cir. 2020), in determining whether Plaintiff was an employee entitled to compensation under the FLSA, the district court should evaluate the seven-part "non-exhaustive set of considerations," set out in *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 536 (2d Cir. 2016).



Defendant's Position

The inquiry in this matter is governed by the binding precedent set forth for analyzing "internships" in *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 536 (2d Cir. 2016).

Respectfully submitted,
SEYFARTH SHAW LLP

*/s/ Robert S. Whitman*  /s/ *Arthur H. Forman*
Robert S. Whitman  Arthur H. Forman
Seyfarth Shaw LLP  98-20 Metropolitan Avenue
620 8th Avenue  Forest Hills, NY 11375
New York, NY 10018  (718) 268-2616
rwhitman@seyfarth.com  ahf@ahforman.com

*Attorney for Defendants*  *Attorney for Plaintiff*


cc: Counsel of record (by ECF)

66145442v.1