UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY DESIR,

                    Plaintiff,

      -v-

NYU LANGONE HEALTH SYSTEM and NICOLE REISS,

                    Defendants.

CIVIL ACTION NO.: 19 Civ. 8144 (JPC) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE,** UNITED STATES MAGISTRATE JUDGE.

**TO THE HONORABLE JOHN PETER CRONAN,** UNITED STATES DISTRICT JUDGE:

## I.    INTRODUCTION

Plaintiff Cindy Desir ("Desir") brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and the New York Labor Law, N.Y. Lab. Law §§ 190 et seq., ("NYLL") against NYU Langone Hospitals ("NYU Langone")[1] and Nicole Reiss ("Reiss") (together, "Defendants"). (ECF No. 9). Desir seeks to recover on behalf of herself as well as a putative collective action of similarly situated pharmacy technician interns for unpaid minimum and overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and civil penalties pursuant to the NYLL and the New York State Wage Theft Prevention Act ("WTPA"). (Id. ¶¶ 2–3).

---

[1] In her Complaint, Desir refers to Defendant as "NYU Langone Health System." (ECF No. 9). In their Memorandum of Law in Opposition to Desir's Motion, however, Defendants state that Defendant NYU Langone Hospitals was "incorrectly named as 'NYU Langone Health System' in the Complaint." (ECF No. 42 at 7). Accordingly, the Court will refer to this Defendant as NYU Langone Hospitals.

Before the Court is Desir's motion seeking:  (1) conditional certification of a collective action under the FLSA; (2) authorization of a collective action notice; (3) permission to circulate a collective action notice to the proposed collective (the "Proposed Notice"); (4) production of identifying information from Defendants; (5) a requirement that Defendants post the Proposed Notice in conspicuous locations at Defendants' pharmacy (the "Pharmacy") for 60 days; and (6) equitable tolling of the statute of limitations pending expiration of the opt-in period.  (ECF No. 32 (the "Motion")).

For the reasons set forth below, I respectfully recommend that the Motion be GRANTED IN PART and DENIED IN PART.

## II.      BACKGROUND

### A.      Factual Background

Desir alleges the following facts in the Complaint and in her declaration in support of the Motion (the "Declaration").  (ECF Nos. 9; 33).  From on or about July 7, 2016 to June 25, 2018, Desir worked as a part-time admitting representative at NYU Langone.  (ECF No. 33 ¶ 2).  Separately, on January 22, 2018, while continuing to work as an admitting representative, Desir enrolled in Defendants' Pharmacy Technician Training Program (the "Program").  (Id. ¶ 3).  Desir completed the Program on May 22, 2018.  (Id.)

As a participant in the Program, Desir attended training five days per week, Monday through Friday, for approximately 40 hours per week, with one-half hour breaks for lunch each day.  (ECF No. 9 ¶ 22).  The Program lasted 17 weeks, for a total of approximately 600 hours.  (Id. ¶¶ 4, 9).  The Program included formal classroom instruction for approximately one or two hours each week, with the remaining time spent at various workstations in the Pharmacy.  (ECF No. 33

¶¶ 5–6).  The Program trained participants in specific procedures and techniques used at NYU

Langone.  (Id. ¶ 7).

Desir alleges, based on her observations and discussions with other participants in the

Program, that Defendants uniformly misclassified Program participants as exempt and thus did

not pay them in accordance with the FLSA and the NYLL.  (ECF No. 9 ¶¶ 28–33).

**B.      Procedural History**

On August 30, 2019, Desir filed the Complaint and commenced this putative collective

action against Defendants.  (ECF No. 1).[2]  On October 31, 2019, Defendants filed their answer to

the Complaint.  (ECF No. 19).

On March 16, 2020, Desir filed the Motion.  (ECF No. 32).  In her Declaration, Desir states

that she and all Program participants "worked the same number of hours and were similarly

uncompensated due to Defendants' exploitative internship policy" and were "exploited by

Defendants' policy of failing to pay any wages for their work."  (ECF No. 34 at 6).  Desir asserts

that "one of the tasks [she] was taught" was "sending medicine through the pneumatic tubes to

different wards and clinics in the hospital."  (ECF No. 33 ¶ 8).  Desir proposes to represent a

collective class defined as:  "all persons who were enrolled as Pharmacy Tech Interns at NYU at

any time during the last six (6) years."[3]  (ECF No. 34 at 7).

---

[2] The filing of Desir's original Complaint (ECF No. 1), filed August 30, 2019, was deficient.  Desir properly re-filed the Complaint (ECF No. 9) on September 12, 2019.

[3] In her Complaint, Desir proposes to represent "all similarly situated persons who are or were employed by the Defendants on or after the date that is three years before the filing of [the] Complaint."  (ECF No. 9 ¶ 34).  However, in her Memorandum of Law in Support of the Motion (ECF No. 34) and Proposed Order (ECF No. 32-1), Desir seeks to represent a collective class of "all persons who enrolled in the [Program] . . . for the six (6) year period before the filing date of this action."  (Id. ¶ 1).

Defendants oppose the Motion on the ground that Desir "was at all times a student, not an 'intern' . . . [nor] an 'employee'" and that even if she were considered an intern, interns are properly classified as exempt employees based on their job duties.  (ECF No. 42 at 7).  In addition, Defendants argue that Desir has not provided "sufficient detail to enable this Court to evaluate whether others had the same experience."  (Id. at 16–17).  Defendants describe the Program as "a four-month educational program which enrolled students to train to become Pharmacy Technicians."  (Id. at 7).  While participants rotated through various practice sites at different times throughout the Program, "every pharmacy intern was required to rotate in every work station" (ECF No. 33 ¶ 8) and all participants received the same substantive training at NYU Langone in compliance with American Society of Health System Pharmacist standards.  (ECF No. 43).  Defendants' Program description states that a pharmacy technician's role "in health care facilities, such as hospitals [], [is to] fill prescriptions for patients and deliver them on a daily basis."  (ECF No. 43-1).  In the alternative, Defendants ask that if the Court grants the Motion, the language and distribution of the FLSA notice be modified and the request for equitable tolling be denied.  (ECF No. 42 at 18, 21).

### III.    DISCUSSION

#### A.    Legal Standard

Section 216(b) of the FLSA provides, in pertinent part:

An action to recover [damages]. . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  While the FLSA does not prescribe procedures for approving actions brought collectively by those who are "similarly situated," courts have long construed Section 216(b) to grant district courts authority to order that notice be given to potential plaintiffs informing them of the option to join the suit.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."); Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (per curiam) ("Although one might read the [FLSA], by deliberate omission, as not providing for notice . . . it makes more sense, in light of the 'opt-in' provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case.").  Although orders authorizing notice are sometimes referred to as orders "certifying" a collective action, the FLSA does not contain a certification mechanism.  See Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010).  Thus, "certifying" a collective action signifies only that a court has exercised its discretionary power "to facilitate the sending of notice" to similarly situated individuals.  Id.  The approval of a collective action is comparable to a "'case management' tool for district courts to employ in 'appropriate cases.'"  Id. (quoting Hoffmann-La Roche, 493 U.S. at 169).

The Second Circuit has approved a two-step process to evaluate whether to approve a collective action.  Myers, 624 F.3d at 555; see Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 515 (2d Cir. 2020).  First, the court must make "an initial determination" whether to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs as to whether the alleged FLSA violation occurred.  Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 539 (2d Cir. 2015) (citing Myers, 624 F.3d at 555).  Plaintiffs must make a "modest factual showing" that

they and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).   The Second Circuit recently explained that "party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." Scott, 954 F.3d at 516.  Thus, "[i]f the opt-in plaintiffs are similar to the named plaintiffs in some respects material to the disposition of their claims, collective treatment may be to that extent appropriate, as it may to that extent facilitate the collective litigation of the party plaintiffs' claims." Id.  The court considers the pleadings as well as supporting affidavits to evaluate whether the named plaintiffs have made the "modest factual showing" that they are similarly situated to potential opt-in plaintiffs vis-à-vis the defendants' unlawful employment practices. See Almonte v. Marina Ice Cream Corp., No. 16 Civ. 660 (GBD), 2016 WL 7217258, at *1 (S.D.N.Y. Dec. 8, 2016).

This standard of proof, although low, "cannot be satisfied simply by unsupported assertions." Myers, 624 F.3d at 555 (internal citation omitted).  Plaintiff must provide "'actual evidence of a factual nexus' between [her] own experience and the experiences of those [s]he claims as 'similarly situated' rather than 'mere conclusory allegations.'" Id. (citing Qing Gu v. T.C. Chikurin, Inc., No. 13 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014).

At the first step, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (internal citation omitted).  It simply "examines the pleadings and affidavits to determine whether the named plaintiff and putative class members are similarly situated." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442

(S.D.N.Y. 2012) (internal citation omitted).  If the court finds that they are, it will conditionally certify the collective action and order that notice be sent to potential members.  See Mata v. Foodbridge LLC, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015).

At the second step, on a more complete record, the court determines whether the plaintiffs who opted in are actually "similarly situated" to the named plaintiffs such that a collective action may proceed.  Mata, 2015 WL 3457293, at *3.  If the court is not convinced, it may "de-certify" the action and dismiss the opt-in plaintiffs' claims without prejudice.  Id.

    **B.**    **Analysis**

        **1.**    **Conditional certification as a collective action**

Desir seeks conditional certification of this case as a collective action under the FLSA Section 216(b) on behalf of "all similarly situated persons who are or were employed by the Defendants on or after the date that is three years before the filing of this Complaint . . . as Pharmacy Tech interns of Defendants."  (ECF No. 9 ¶ 34).  Desir argues that she is "similarly situated" to the collective members because they were all "subject[ed] to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wages and overtime for all hours they worked."  (Id. ¶ 36).

In support of her Motion, Desir submitted her own Declaration, in which she describes her participation in the Program at NYU Langone, and asserts that through observations and conversations with other Program participants and pharmacy technicians at NYU Langone, she learned that they were subject to similar violations of the FLSA and the NYLL.  (ECF No. 33).  Based on her Declaration, Desir asks the Court to facilitate notice to "all persons who are or have been Pharmacy Tech Interns for defendants within the past six years."  (Id. ¶ 1).

The Court finds that Desir has satisfied the low burden of making a "modest factual showing" that "there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." Myers, 624 F.3d at 555 (internal citations omitted).  Although Desir has not provided written statements from any other Pharmacy Tech Interns in support of the Motion, "[c]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." Hernandez v. Bare Burger Dio Inc., No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases).  Desir "need not submit statements, declarations, or affidavits from purportedly similarly situated employees to prevail on a motion for conditional collective action certification. [] [A]n affidavit detailing personal observations of a single plaintiff may be sufficient." Romero v. ABCZ Corp., No. 14 Civ. 3653 (AT) (HBP), 2015 WL 2069870, at *3 (S.D.N.Y. Apr. 28, 2015).  Desir asserts in her Declaration that pursuant to Defendants' policies, she and other participants were improperly classified as exempt and consequently did not receive any wages or overtime pay.  (ECF No. 9 ¶¶ 28–33).  Desir identifies two other Program participants and alleges that they were subjected to the same practices by Defendants.  (ECF No. 33 ¶¶ 9–12).  Desir also identifies two paid pharmacy technicians who completed the Program and "for almost all 600 hours of their internship [] were required to perform actual work without pay." (Id. ¶ 13).

Contrary to Defendants' criticism of the lack of detail in Desir's Declaration, the Court finds that her assertions satisfy the low burden at the conditional certification stage to demonstrate that potential opt-in plaintiffs are "similarly situated." See, e.g., Romero, 2015 WL

2069870, at *2; Ramos v. Platt, No. 13 Civ. 8957 (GHW), 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014).

The Court notes that other courts in this District have denied conditional certification sought by plaintiff-interns where there existed a degree in variation in internship experiences. See, e.g., Klein v. Octagon, Inc., No. 14 Civ. 6770 (AT), 2015 WL 5821629 (S.D.N.Y. Sept. 30, 2015); Fraticelli v. MSG Holdings, L.P., No. 13 Civ. 6518 (JMF), 2014 WL 1807105 (S.D.N.Y. May 7, 2014). In contrast to these cases, however, the Court is satisfied that Desir and collective members are part of Defendants' common policy or plan in that they all participated in the Program. Defendants acknowledge that the Program is "a four-month educational program which enrolled students to train to become Pharmacy Technicians." (ECF No. 42 at 7). Defendants also do not dispute that "every pharmacy intern was required to rotate in every work station" (ECF No. 33 ¶ 8), and that all participants received the same substantive training at NYU Langone in compliance with American Society of Health System Pharmacist standards. (ECF No. 43). Moreover, Defendants' Program description states that a pharmacy technician's role "in health care facilities, such as hospitals [], [is to] fill prescriptions for patients and deliver them on a daily basis," (ECF No. 43-1) and indeed "one of the tasks [Desir] was taught" was "sending medicine through the pneumatic tubes to different wards and clinics in the hospital." (ECF No. 33 ¶ 8). Because Desir provides some details, albeit brief, to support her assertions that she is similarly situated to the collective members, the Court finds that Desir has plausibly alleged that other participants were subjected to a common scheme through their participation in the Program.

Accordingly, this Court respectfully recommends that conditional certification of a collective action for all persons who were enrolled as participants in Defendants' Program at any

time from the date three years prior[4]  to the Court's entry of an order certifying the collective action be granted.

### 2.  Notice

Although the FLSA does not contain a provision for issuing notice in a collective action, "it is well settled that district courts have the power to authorize a plaintiff to send such notice to other potential plaintiffs." Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 116 (S.D.N.Y. 2015) (citing Braunstein, 600 F.2d at 336 ).  Standard notice to potential opt-in plaintiffs includes:

> the purpose of the notice, the nature of the lawsuit, the proposed class composition, the legal effect of joining the lawsuit, the fact that the court has not taken any position regarding the merits of the lawsuit, how to join the lawsuit, the purely voluntary nature of the decision and the legal effect of not joining the lawsuit, the prohibition against retaliation, and the relevant contact information for any inquiries.

Bittencourt, 310 F.R.D. at 117 (quoting Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 169–70 (S.D.N.Y. 2014)).  Desir seeks permission to circulate a collective action notice to the proposed class and asks the Court to require Defendants to post the notice in conspicuous locations at the Pharmacy for 60 days.  (ECF No. 32).  Defendants raise a number of challenges to the Proposed Notice, each discussed in turn below.

First, Defendants oppose the summary of Desir's claims and argue that the Proposed Notice should include more information about Defendants' position in the litigation.  (ECF No. 42 at 18–19).  Desir's Proposed Notice currently states, "Defendants deny that Plaintiff's claims have merit.  The Court has not decided the merits of any claims or defenses asserted by any party to this lawsuit or whether any party is right or wrong."  (ECF No. 34-1).  Defendants seek to amend

---

[4]See supra Section II.B. n.3; infra Section III.B.2.

the Proposed Notice to provide a summary of their defenses, including that "NYU Langone maintains that students in the [Program] were not interns (let alone employees) and had no entitlement to 'unpaid wages' or compensation for their participation in the Program." (ECF No. 42 at 19). In addition, Defendants assert that the Proposed Notice "should be modified to indicate that potential opt-in plaintiffs do not necessarily have valid claims." (Id.)

In determining whether to modify the language of a proposed notice, "[c]ourts in this Circuit have found proportionality the key to assessing whether a proposed notice adequately captures the defendant's position." Hernandez v. Merrill Lynch & Co., Inc., No. 11 Civ. 8472 (KBF), 2012 WL 1193836, at *5 (S.D.N.Y. Apr. 6, 2012). While the Court agrees that the language describing Defendants' position in the Proposed Notice is inadequate, the Proposed Notice should not include disputed facts. See Islam v. LX Ave. Bagels, Inc., No. 18 Civ. 04895 (RA) (RWL), 2019 WL 5198667, at *9–10 (S.D.N.Y. Sept. 30, 2019) ("Defendants' proposed revisions go too far and assert as fact what are disputed issues, such as whether [Plaintiff] was an exempt employee and whether Defendants ever employed [Plaintiff]."). Therefore, the Court finds that a description stating that Defendants have asserted compliance with the FLSA is an appropriate modification to the Proposed Notice. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) ("because the description of Plaintiffs' FLSA claim is brief, the statement that '[Defendants] den[y] that they violated the Fair Labor Standards Act' is sufficient"); Viriri v. White Plains Hosp. Med. Ctr., 320 F.R.D. 344, 356 (S.D.N.Y. 2017) ("language regarding the absence of any adjudication on the merits is appropriate" and "potential opt-in plaintiffs should be advised that Defendant has asserted compliance with the FLSA.").

The Court recommends that the Proposed Notice be amended as follows, in place of the sentence beginning "Defendants deny that Plaintiff's claims have merit," to read:  "Defendants deny all claims against them and maintain that they have complied with the FLSA.  The Court has not yet made any determination as to the merits of the claims or your right to recover any sum of money from Defendants."

Second, Defendants argue that the Proposed Notice "should state that it was created and sent by Plaintiff's counsel."  (ECF No. 42 at 19).  The Court recommends that Defendants' request for this modification to the Proposed Notice be denied.  Defendants contend that the "failure to include such a statement may improperly suggest a 'certain specter of authority,' which 'impl[ies] more court sponsorship than appropriate.'"  (Id. (quoting Romero, 2015 WL 2069870, at *3 n.2)).  In Romero, another court in this District disapproved a portion of a notice that "indicat[ed] that the Court ha[d] authorized or approved the notice," but did not require it to include a statement that notice was created and sent by her counsel.  2015 WL 2069870, at *3.

Third, Defendants object to Desir's failure to include the name and address of Defendants' counsel in the Proposed Notice.  (ECF No. 42 at 19).  "Courts in this Circuit have generally concluded that [the contact information of defendants' counsel] is appropriate for inclusion in a notice of collective action."  Slamna v. API Rest. Corp., No. 12 Civ. 757 (RWS), 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013) (citing cases); see also Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 486–87 (S.D.N.Y. 2016) ("the notice of collective certification should include contact information for both plaintiff's and defendants' counsel").  Moreover, courts in this District have often required that contact information of counsel be set apart in two distinct sections of the notice.  See Benavides, 166 F. Supp. 3d at 486–87; Zhongle Chen v. Kicho Corp., No. 18 Civ. 7413

(PMH) (LMS), 2020 WL 1900582, at *10 (S.D.N.Y. Apr. 17, 2020).   Therefore, the Court recommends that the contact information for Defendants' counsel be included in the Proposed Notice in a separate section.

Fourth, Defendants object to Desir's request to post the notice at the Pharmacy.  (ECF No. 42 at 20).  Defendants argue that posting the notice at the Pharmacy would be inappropriate because the Program "is a temporary training program and many of the intended recipients of the FLSA notice would not even be in the position to view the posting since they are no longer enrolled as students in the Program."  (Id.)  However, Defendants' Program website states that participants are trained in preparation "for employment at NYU Langone or another institutional environment." (ECF No. 43-1).  Because some Program participants become employed pharmacy technicians at NYU Langone, posting notice in the workplace is appropriate.  Moreover, "courts routinely approve requests to post notice on employee bulletin boards and in other common areas" and "posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of litigation and consider whether to opt in." Bittencourt, 310 F.R.D. at 118 (internal citations omitted).  Thus, the Court recommends that Defendants be required to post the notice in the Pharmacy for a period of 60 days.

Fifth, Defendants object to Desir's request to send notice to Program participants from the last six years and argues that notice should only be sent to Program participants from the last three years.  (ECF No. 42 at 21).  The statute of limitations applicable for a claim of unpaid wages under Section 216(b) of the FLSA runs, at most, from a date "three years prior to the date each opt-in plaintiff filed a written consent to join the action," while the statute of limitations for NYLL claims is six years.  O'Jeda v. Viacom, Inc., No. 13 Civ. 5658 (JMF), 2014 WL 1344604, at *2 n.1

(S.D.N.Y. Apr. 4, 2014) (internal citation omitted).   "Courts in this Circuit have approved both three-and six-year notice periods depending on the facts." Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013) (collecting cases).   "Cases adopting six-year periods have been based on supposed economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations, while cases using three-year periods have cited the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred." Benavides, 166 F. Supp. 3d at 484 (internal citations omitted).   Where there is no pending motion for collective certification of the NYLL claims, courts have found the latter rationale more persuasive.  (Id.)  Here, since Desir has not moved for class certification of her NYLL claims, the Court agrees with Defendants that notice should only be sent to participants who enrolled in the Program three years before the filing of their consent with the Court.  (ECF No. 42 at 21; see supra Section II.B.; supra Section III.B.2.).  Bittencourt, 310 F.R.D. at 116–17; Benavides, 166 F. Supp. 3d at 485–86; Trinidad, 962 F. Supp. 2d at 564.

Finally, Defendants object to the reference to Desir's NYLL claims in the Proposed Notice. Because Desir has not moved for class certification of the NYLL claims, the Court recommends that all references to potential NYLL claims be removed from the Proposed Notice.  See Zhongle Chen, 2020 WL 1900582, at *14 (quoting McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) ("[S]ince the notice period will not encompass any state law claims, there is no reason to include reference to the pending state law claims.").

A revised version of the notice incorporating each of these recommended changes is annexed as Exhibit A to this Report & Recommendation.

### 3. Equitable tolling

Desir requests that the Court toll the statute of limitations for putative collective members pending expiration of the opt-in period. (ECF No. 32). Defendants argue that equitable tolling is unwarranted and that Desir has not shown any special circumstance for which tolling would be appropriate. (ECF No. 42 at 21–23).

The Supreme Court has held that equitable tolling should be applied in limited circumstances and "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way."  Contrera v. Langer, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The Second Circuit has repeatedly cautioned that 'equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances.'"  Id. (quoting A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011)).  Thus, "[w]hen a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied."  Id. (internal citations omitted).

Here, Desir has not provided any facts that show that she has been "pursuing h[er] rights diligently" or that "some extraordinary circumstances stood in h[er] way."  Contrera, 278 F. Supp. 3d at 723.  Desir simply states that she requests tolling "to avoid inequitable circumstances," but provides no explanation or even any arguments for why equitable tolling would be appropriate in this circumstance.  (ECF No. 34 at 11).  Thus, the Court recommends that Desir's request for equitable tolling be denied without prejudice.

### 4.   Production of information

Desir requests that Defendants produce information in Excel format with "name, dates of attendance in the Program, last knowing mailing address, and all known email addresses and telephone numbers for all Covered Employees."  (ECF No. 32 ¶ 4).  Desir also seeks "the social security numbers of Covered Employees."  (ECF No. 34 at 10).  Defendants object to Desir's request of production of potential opt-in plaintiffs' telephone numbers and social security numbers for privacy reasons.  (ECF No. 42 at 20–21).

"Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action."  Benavides, 166 F. Supp. 3d at 488 (quoting Martin v. Sprint/United Mgmt. Co., No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016) (collecting cases)); see also Tate v. WJL Equities Corp., No. 13 Civ. 8616 (JLC), 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014) ("Courts in this Circuit have held that disclosure of employee contact information is relevant in connection with conditional collective action certification.").  Thus, "[i]n light of the remedial purpose of the FLSA and the Court's broad discretionary power," Morales v. Plantworks, Inc., No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006), the Court recommends that Desir's request for an order of discovery be granted in part, and Defendants be directed to provide Desir with the name, date of attendance of the Program, last known mailing addresses, email addresses, telephone numbers for all Program participants for the last three years.  See Mata, 2015 WL 3457293, at *4.

Desir requests the production of Program participants' social security numbers in the event that notices are returned as undeliverable, with a stipulation to their confidentiality.  (ECF

No. 34 at 10).   Defendants oppose the request to produce social security numbers as unnecessary.  (ECF No. 42 at 20–21).  In light of privacy concerns, courts in this District generally decline to compel production of social security numbers.  See, e.g., Martin, 2016 WL 30334, at *20; Ji Li v. Ichiro Rest. Inc., No. 14 Civ. 10242 (AJN) (JCF), 2015 WL 6828056, at *5 (S.D.N.Y. Nov. 5, 2015); In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010); Damassia v. Duane Reade, Inc., No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *8 (S.D.N.Y. Oct. 5, 2006).

Here, Desir argues that social security numbers will assist her in effectuating notice.  (ECF No. 34 at 10).  However, Desir has not shown that contact information alone is insufficient to effectuate notice or that there is a necessity for this sensitive information.  Accordingly, the Court finds that disclosure of this information is unnecessary at this time and recommends that Desir's request for social security numbers be denied.  See Benavides, 166 F. Supp. 3d at 489 (declining to approve production of social security numbers before Plaintiff "has demonstrated, with specificity, the necessity of such sensitive information"); Delaney, 261 F.R.D. at 60 ("If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the matter at that time."); Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007) (denying the request for production of social security numbers where plaintiff "has not demonstrated that such information [would] aid in further reducing the already low number of notices that were returned undeliverable"); but see Whitehorn v. Wolfgang's Steakhouse Inc., 767 F. Supp. 2d 445, 448–49 (S.D.N.Y. 2011) (granting the request for production of social security numbers where Plaintiffs demonstrated difficulty in contacting potential collective members).

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend that:

(1)  Plaintiff's motion for conditional certification of a collective action under the FLSA be GRANTED, with respect to all persons who are or were enrolled in Defendants' Program at NYU Langone on or after the date that is three years before the filing of this Complaint;

(2)  Plaintiff's request for approval of the Proposed Notice be GRANTED IN PART pending the modifications described above and reflected in the revised notice, attached as Exhibit A, with respect to the inclusion of a summary of Defendants' position in the litigation, the name and address of Defendants' counsel, and a statement indicating that potential opt-in plaintiffs do not necessarily have valid claims;

(3)  Defendants' request for modification of the Proposed Notice be GRANTED IN PART and is reflected in the revised notice, attached as Exhibit A, in that the Proposed Notice must include a summary of Defendants' position in the litigation, the name and address of Defendants' counsel, and a statement indicating that potential opt-in plaintiffs do not necessarily have valid claims, all references to the potential NYLL claims be removed from the Proposed Notice, and distribution of the notice is limited to Program participants from the date three years prior to the filing of this Complaint;

(4)  Plaintiff's request for approval to circulate the Proposed Notice be GRANTED IN PART insofar as distribution shall be limited to Program participants from the date three years prior to the filing of this Complaint;

(5) Plaintiff's request for equitable tolling of the statute of limitations for putative collective members pending expiration of the opt-in period be DENIED;

(6) Plaintiff's request for production of putative class information be GRANTED IN PART insofar as Defendants must provide Plaintiff with the name, date of attendance of the Program, last known mailing addresses, email addresses, telephone numbers for all Program participants at NYU Langone by Defendants for the last three years.


Dated:     October 19, 2020
          New York, New York


_____

**SARAH L. CAVE**
**United States Magistrate Judge**

\*                          \*                          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Cronan.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

**<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

CINDY DESIR, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class*

Case No.19-CV-08144 (AT) (SLC)

Plaintiff,

**NOTICE OF PENDENCY OF**
**LAWSUIT REGARDING WAGES**

-v.-

NYU LANGONE HEALTH SYSTEM,
and NICOLE REISS,

Defendants.

-------------------------------------------------------------------X

**Please read this notice if you are or were enrolled in the Pharmacy Technician Training Program (the "Program") of NYU LANGONE HEALTH SYSTEM at any time between August 30, 2016 and the present.**

A former participant in the Program, CINDY DESIR ("Plaintiff"), has sued NYU LANGONE HEALTH SYSTEM and NICOLE REISS (collectively, "Defendants"). The lawsuit's federal collective Fair Labor Standards Act ("FLSA") claims seek unpaid wages for work performed while attending the Program, liquidated damages, and attorneys' fees and costs. The purpose of this Notice is to advise you of your right to participate in this lawsuit's FLSA claims.

~~Defendants deny that Plaintiff's claims have merit.  The Court has not decided the merits of any claims or any defenses asserted by any party to this lawsuit or whether any party is right or wrong.~~

Defendants deny all claims against them and maintain that they have complied with the FLSA.  The Court has not yet made any determination as to the merits of the claims or your right to recover any sum of money from Defendants.

**YOUR LEGAL RIGHTS**

If you were enrolled in the Pharmacy Technician Training Program of NYU Langone Health System at any time between August 30, 2016 and the present and believe that you may be able to assert any of the claims described above, you have the right to participate in this lawsuit.  It is your right to join or not to join this lawsuit. If you decide to join this lawsuit, it is illegal for Defendants to retaliate, discharge, take any adverse action, or discriminate against you in any way for participating in this lawsuit.

If you join in this lawsuit, you will be required to provide information and answer questions.  You may be required to testify at a deposition or in court or both.  Once you join, you will be bound by the outcome of this lawsuit's FLSA claims, whether favorable or unfavorable.

To join this lawsuit, you must sign a "Consent to Sue" form, which is enclosed with this Notice, and mail it so that it is delivered on or before [60 days from the date notice is sent out] to:

Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, New York 11375

If you do not join this lawsuit, and instead intend to bring your own lawsuit, you should be aware that the lawsuit must be brought within a specific period of time.  Generally, the statute of limitations under the FLSA is two or three years from the date of the violation. ~~and the statute of limitations under the NYLL is six years from the date of the violation.~~

## THE LAWYERS REPRESENTING PLAINTIFFS

If you join this lawsuit and agree to be represented by Plaintiff through her attorney, you will be represented by Arthur H. Forman, Esq. The attorney is handling the lawsuit on a "contingency fee" basis, which means that you do not have to pay any attorneys' fees or expenses for this lawsuit.  If the plaintiff wins a favorable judgment, the attorney may ask the Court to award up to one-third of the monetary recovery in legal fees.  You are not required to have Arthur H. Forman, Esq. represent you.  If you want your own attorney to represent you in this lawsuit, however, you will be responsible for paying that attorneys' fees and expenses.

## THE LAWYERS REPRESENTING DEFENDANTS

Defendants in this lawsuit are represented by Seyfarth Shaw LLP (NYC):

| | |
|---|---|
| Lisa Louise Savadjian | Robert S. Whitman |
| Seyfarth Shaw LLP (NYC) | Seyfarth Shaw LLP (NYC) |
| 620 Eighth Avenue | 620 Eighth Avenue |
| New York, NY 10018-1405 | New York, NY 10018-1405 |
| Tel: 212-218-3383 | Tel: 212-218-5629 |

## GETTING MORE INFORMATION

You can obtain more information about this lawsuit by contacting Plaintiff's attorney:

Arthur H. Forman, Esq.

98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel:  (718) 268-2616
Fax: (718) 575-1600
Email: mail@ahforman.com

**Do not call or write the Court or the Clerk's Office with questions.**

Dated: March _____, 2020

Forest Hills, New York

# CONSENT TO SUE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CINDY DESIR, *on behalf of herself,*                    Case No.19-CV-08144 (AT)
*FLSA Collective Plaintiffs and the Class*

                              Plaintiff,

          -v.-


NYU LANGONE HEALTH SYSTEM,
and NICOLE REISS,

                              Defendants.
-------------------------------------------------------------------X


You may join this lawsuit if you are or were enrolled in the Pharmacy Technician Training Program of NYU LANGONE HEALTH SYSTEM at any time between August 30, 2016 and the present by completing and mailing this "Consent to Sue" form so as to be delivered no later than [60 days from the date of notice] to:

                    Arthur H. Forman, Esq.
                    98-20 Metropolitan Avenue
                    Forest Hills, New York 11375
                    Tel:  (718) 268-2616
                    Fax: (718) 575-1600
                    Email: mail@ahforman.com

I hereby consent to join this lawsuit as a party plaintiff.  By signing and returning this consent form, I hereby designate Arthur H. Forman, Esq. to represent me and make decisions on my behalf concerning the litigation and any settlement.


Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____E-mail Address_____

SIGNATURE: _____ Date: _____